[No. 1410. September 1, 1911.]
TERRITORY OF NEW MEXICO, On the Relation of JACOB J. ARAGON, Appellant, v. THE BOARD OF COUNTY COMMISSIONERS OF LINCOLN COUNTY, Appellee.

Appeal from the District Court for Lincoln County, before EDWARD R. WRIGHT, Associate Justice. Affirmed.

FRANK W. CLANCY, Attorney General, and T. B. CATRON for Appellant.

Laws 1909, Chapter 80, never was lawfully enacted. Field v. Clark, 143 U. S. 671; State v. Howell, 26 Nev. 98; State v. Swift, 10 Nev. 183; Sherman v. Story, 30 Cal. 256; Pangborn v. Young, 32 N. J. L. 42; Speer v. Plank Road Co., 22 Pa. 377; A. T. & S. F. R. Co. v. Sowers, 213 U. S. 63.

Laws 1909, Chapter 80, is special and local legislation. Springer Act; People v. Supervisors, 43 N. Y. 16; Matter v. Henneberger, 155 N. Y. 424; People v. O'Brien, 38 N. Y. 193; Ferguson v. Ross, 126 N. Y. 464; Closson v. Trenton, 48 N. Y. 439; Com. v. Patten, 88 Pa. St. 260; Davis v. Clark, 106 Pa. St. 260; McCarthy v. Com., 110 Pa. St. 246; Montgomery v. Com., 91 Pa. St. 125; Devine v. Commissioners, 84 Ill. 591; State v. Herrman, 75 Mo. 346; Scowdens App., 96 Pa. St. 424; Klokke v. Dodge, 103 Ill. 125; State v. Judges, 21 Ohio St. 11; Strange v. Dubuque, 62 Iowa 205; South on Stat. Const., secs. 127, 128, 129; Smith's Com., secs. 595, 596; Sedg. Const. Law 32; Potters Dwarris on Stat. 355; ex-parte Westerfield, 55 Cal. 552; Desmond v. Dunn, 55 Cal. 251.

No petition as required by law asking for the removal of the county seat had been presented and the board of county commissioners had no authority to order an election on the petition which was presented. C. L. 1897, sec. 630; South on Stat. Cons., 2 ed., secs. 565, 572; Ball v. Lasting, 71 Ga. 678; St. Paul R. R. Co. v. Phelps, 26 Fed. 569; Swan v. Jenkins, 82 Ala. 478; Tally v. Grider, 66 Ala. 122; Lanier v. Padgett, 18 Fla. 843; McKinney

v. Commissioners, 26 Fla. 264; Zeiler v. Chapman, 54 Mo. 305; State v. Woodson, 67 Mo. 336; State v. Albin, 44 Mo. 349; People v. Kopplekom, 16 Mich. 342; Nefzger v. Railway, 36 Ia. 644; State v. Piper, 17 Neb. 618.

The election was void because there was no registration of voters therefor. C. L. 1897, secs. 630, 709.

JOHN Y. HEWETT and ANDREW H. HUDSPETH for Appellee.

It will be presumed that an act found among the published laws was constitutionally enacted. Ill. Central R. R. Co. v. Wren, 43 Ill. 77; Bedard v. Hall, 44 Ill. 91; State v. Wray, 109 Mo. 594.

Want of certificate not fatal. McDonald v. State, 80 Wis. 407; Cottrell v. State, 9 Neb. 125; Leavenworth County v. Higginbotham, 17 Kas. 74; Taylor v. Wilson, 17 Neb. 88.

Laws 1909, Chapter 80, not local nor special. People v. Squires, 107 N. Y. 593; 13 A. & E. Enc., 1 ed. 984; Chavez v. Luna, 5 N. M. 831; Lyon v. Wood, 5 N. M. 327; 153 U. S. 649.

No registration is required by C. L. 1897, sec. 1702, except before a general election. This section, enacted in 1889, clearly repeals, by implication, Section 1709, passed in 1869, as it covers the whole subject of the older statute and was intended as a substitute therefor. U. S. v. Tynen, 11 Wall. 88; Bartlett v. King, 12 Mass. 545; Commonwealth v. Cooley, 27 Mass. 37; Tracy v. Tuffy, 134 U. S. 206; U. S. v. Barr, 4 Sawyer 254; Swan v. Buck, 30 Miss. 268; School Dist. v. Whitehead, 13 N. J. Eq. 290; Roche v. Jersey City, 11 Vroom 262.

Form of petition. Gray et al. v. Taylor, et al., 15 N. M. 742; State v. Tracey, 48 Minn. 499; State ex rel. Gibbs v. Summer's Point, 10 Atl. Rep. 377, N. J.; People v. North Chicago Ry. Co., 88 Ill. 537; Knowlton v. Shomo, 167 Mass. 424.

## OPINION OF THE COURT.

PARKER. J.—This is an appeal from a judgment of the District Court of the Sixth Judicial District, sitting

in and for the County of Lincoln, dismissing the petition for a writ of quo warranto secured upon the relation of appellant. The case involves no point which has not been heretofore thoroughly considered by this Court in the case of Gray et al v. Tayler, et al, 15 N. M. 742, 113 Pac. 588, and the judgment of the lower court upon the authority of that case is affirmed, and it is so ordered.